3006958-GVC/af

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SABINE CAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 Cv 2827 |
| ) | Judge Lefkow |
| AMERICAN AIRLINES, INC., a ) | Magistrate Judge Cox |
| Corporation, ) | |
| ) | |
| Defendant. ) | |

**AMERICAN AIRLINES' MOTION FOR A MORE
DEFINITE STATEMENT PURSUANT TO FRCP 12(e)**

NOW COMES the Defendant, AMERICAN AIRLINES (hereinafter, "AMERICAN"), by and through its attorneys, SMITHAMUNDSEN LLC, and pursuant to FRCP 12(e), moves for the Court to order a more definite statement as to the location of the plaintiff's alleged fall. In support thereof, AMERICAN states as follows:

1. AMERICAN requests this court to order the plaintiff to file a more definite statement as to the exact location of plaintiff's fall that allegedly occurred at O'Hare International Airport, Chicago, Illinois on March 24, 2006. Plaintiff's complaint is vague and ambiguous as to the location of the fall, such that AMERICAN cannot reasonably prepare an answer to the complaint.

2. AMERICAN has not answered the complaint or made a responsive pleading because the complaint is so vague and ambiguous.

3. This case was originally filed in the Circuit Court of Cook County, but was removed by AMERICAN on the basis that this Court has original jurisdiction pursuant to the

provisions of 28 U.S.C. §§1332, 1441 and 1446, where the matter in controversy exceeds $75,000 and is between citizens of different states.

4. On March 24, 2008, the plaintiff filed a complaint in state court alleging that she sustained an injury at O'Hare International Airport in Chicago, Illinois due to the negligence of AMERICAN. (See plaintiff's complaint attached as Ex. A).

5. With regard to the location of the fall, the plaintiff alleges as follows:

> On said date, plaintiff, SABINE CAIN, was on said premises in a common area, located on the above premises, at which time plaintiff slipped and fell, severely injuring herself.

(Ex. A at par. 3). The plaintiff further alleges that the common area was an "entrance and/or exit onto defendant's premises for use by the plaintiff and general public." (Ex. A at par. 5).

The plaintiff alleges that AMERICAN had a duty to maintain the common area used as a place of entrance or exit onto defendant's premises and was negligent in doing so, thereby resulting in the alleged injury to the plaintiff. (Ex. A at par. 6).

6. O'Hare International Airport complex covers more than 7,000 acres and includes 175 aircraft gates. O'Hare International Airport is home to 73 commercial, commuter and cargo carriers which serves more than 210 nonstop and direct destinations worldwide. (See O'Hare Facts attached as Ex. B). O'Hare International Airport is comprised of three domestic terminals and one international terminal. (See maps of O'Hare International Airport attached as Group Ex. C).

7. AMERICAN cannot respond to the plaintiff's complaint where the allegations of the location of the accident are vague and ambiguous. The plaintiff only alleges that the fall occurred in a common area designated as a place of entrance or exit onto AMERICAN's premises used by the general public. AMERICAN cannot determine the location of the alleged

fall based on the allegations of plaintiff's complaint given the size of O'Hare International Airport.

8. AMERICAN requests that the plaintiff be ordered to file a more definite statement identifying with specificity the exact location of the fall by gates, terminal, floor level, and distance from entrance doors from the outside, security checkpoints, identifiable landmarks, or any other manner in which to more specifically identify the location of the fall.

WHEREFORE, AMERICAN requests this Honorable Court to enter an order compelling the plaintiff to file a more definite statement as to the exact location of the fall.

Respectfully submitted,

**/s/ Gerald Cleary, 62001000**
SmithAmundsen LLC
150 N. Michigan Avenue – Suite 3300
Chicago, IL  60601
Phone: (312) 894-3200
Fax:    (312) 894-3210

# EXHIBIT A

ATTORNEY CODE 31185

STATE OF ILLINOIS   )
                    ) SS.
COUNTY OF COOK      )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

SABINE CAIN,                )
                            ) No.
          Plaintiff(s)      )
                            )
   vs.                      )
AMERICAN AIRLINES, INC.,    )
a Foreign Corporation,      )
                            )
          Defendant(s)      )

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, Sabine Cain, by and through her attorneys, SMITH & ALBERTS, and complaining of the Defendant, American Airlines, Inc., a Foreign Corporation, alleges as follows:

1. That on March 24, 2006, and for some time prior thereto, defendant, American Airlines, Inc., a foreign corporation, was a corporation duly licensed and registered to do business within the State of Illinois and on said date, owned, operated, maintained and controlled certain common areas which were being used at O'Hare International Airport, in the City of Chicago, County of Cook and State of Illinois.

2. That on March 24, 2006, and prior thereto, defendant, American Airlines, Inc., a foreign corporation, possessed, operated, managed, maintained and controlled, or had a duty to possess, operate, manage, maintain and control, both directly and indirectly, individually and through their agents, servants and employees, certain common areas being used by patrons at said location, at O'Hare International Airport, in the City of Chicago, County of Cook, State of Illinois.

3. On said date, Plaintiff, Sabine Cain, was on said premises in a common area, located on the above premises, at which time plaintiff slipped and fell, severely injuring herself.

4. That on the aforementioned date, the Plaintiff was lawfully on the premises of the Defendant, where the aforementioned incident took place.

5. That the above-mentioned area was managed, maintained and constructed by or for the benefit of defendants and was designated as a place of entrance and/or exit onto Defendants' premises for use by the Plaintiff and the general public.

6. At all times relevant hereto, it was the duty of defendants, and each of them, to use ordinary and reasonable care in the design, maintenance and construction of the common area and surrounding area in order to keep same in a reasonably safe condition so as not to endanger those persons using said property or its surrounding premises.

7. Notwithstanding said duty, Defendants, acted or failed to act in one or more of the following ways which amounted to negligent and/or careless conduct.

    a. Improperly operated, managed, maintained and controlled the aforesaid property so that as a direct and proximate result therefore, the plaintiff was injured;

    b. Failed to make a reasonable inspection of said area surrounding it when the defendants knew or should have known that the inspection was necessary to prevent injury to the plaintiff.

    c. Failed to warn the Plaintiff and other persons of the dangerous and/or hazardous condition present;

    d. Created a dangerous and/or hazardous condition by allowing the aforementioned premises to be unsafe for the Plaintiff and the general public;

    e. Was otherwise careless and/or negligent in the operation, maintenance and/or control of the above-mentioned premises.

8. That the above-mentioned premises was dangerous in that it caused plaintiff to slip and fall, thereby injuring herself.

9. As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendants, Plaintiff was caused to and did fall at the above-mentioned location.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendants, Plaintiff sustained injuries of a pecuniary and personal nature, and as such was caused to and did seek medical care for the treatment of same; further, Plaintiff was caused to and did become absent from her usual pursuits for a period of time.

WHEREFORE, plaintiff, Sabine Cain, prays for the entry of judgment against the Defendant, American Airlines, Inc., a foreign corporation, in the amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00) and the costs of this suit.

BY: _____

Smith & Alberts
Attorneys for Plaintiff(s)
6 West Hubbard
Suite 250
Chicago, IL 60610
Tel: (312) 726-4204

## O'Hare International Airport

- O'Hare International Airport's designator code, ORD, is derived from the original name for the airfield, Orchard Field. In 1946, the City of Chicago purchased Orchard Field, then a military base, from the U.S. government.
- O'Hare International Airport is named after World War II flying ace Lieutenant Edward "Butch" O'Hare.
- O'Hare has six operating runways. The longest runway is 13,000 feet.
- In 2004, O'Hare International Airport had a total of 992,427 flight departures and arrivals, making it the World's Busiest Airport.
- The total number of passengers traveling through O'Hare in 2004 was 75,534,692.
- The total O'Hare airport complex covers more than 7,000 acres and includes 178 aircraft gates.
- Approximately 50,000 employees work at O'Hare.
- Nearly 1.7 million tons of freight and mail are moved through O'Hare each year.
- An Automated Transit System (ATS) moves passengers quickly and efficiently between all terminals and remote parking areas. The ATS incorporates 2.7 miles of elevated track, has a capacity of 2,400 passengers per hour and runs at an average speed of 35 mph.
- The world's largest kinetic neon sculpture (744 feet long) connects Concourses B and C in Terminal 1.
- O'Hare is home to 73 commercial, commuter and cargo carriers, which serve more than 210 non-stop and direct destinations worldwide.
- Chicago O'Hare International Airport generates approximately 450,000 jobs for the region and $38 billion a year in economic activity.


www.flychicago.com/news/pdf/OADvisitorsguide2005.pdf



