3006958-GVC/af

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SABINE CAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08 Cv 2827 |
| | ) | Judge Lefkow |
| AMERICAN AIRLINES, INC., a | ) | Magistrate Judge Cox |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**AMERICAN AIRLINES' ANSWER TO FIRST
AMENDED COMPLAINT AT LAW**

NOW COMES the Defendant, AMERICAN AIRLINES, by and through its attorneys SMITHAMUNDSEN LLC and in response to the complaint of the plaintiff, states as follows:

1. The defendant admits on said date it was a foreign corporation that was duly licensed and registered to do business within the State of Illinois and on said date owned, operated, maintained and controlled a certain American Airlines airplane, Flight No. 722 which was being used at O'Hare International Airport in the City of Chicago, County of Cook in the State of Illinois. The defendant denies the remaining allegations contained in paragraph 1.

2. The defendant admits that on said date, it possessed, operated, managed, maintained and controlled through its agents, servants and employees Flight No. 722 at O'Hare International Airport, Chicago, Illinois.  The defendant denies the remaining allegations contained in paragraph 2.

3. The defendant denies that the plaintiff was a fare paying passenger of AMERICAN AIRLINES on Flight No. 722 and affirmatively states that the plaintiff was "dead heading" as a United employee.  The defendant denies that the plaintiff slipped and fell on an unnatural accumulation of liquid.  The defendant has insufficient knowledge as to the remaining

allegations contained in paragraph 3, such that defendant neither admits nor denies those allegations, but demands strict proof thereof.

4. The defendant admits that the plaintiff was lawfully on AMERICAN AIRLINES Flight 722.

5. The defendant admits the allegations contained in paragraph 5.

6. The defendant states that duty arises by operation of law and not by the mere statement of the pleader. To the extent an answer is required, the defendant denies the allegations.

7. The defendant denies the allegations contained in paragraph 7, including subparagraphs (a) through (f) and each of them.

8. The defendant denies the allegations contained in paragraph 8.

9. The defendant denies the allegations contained in paragraph 9.

10. The defendant denies the allegations contained in paragraph 10.

WHEREFORE, the defendant denies that the plaintiff is entitled to judgment in any amount whatsoever and requests this Honorable Court to dismiss the complaint of the plaintiff at plaintiff's costs.

## FIRST AFFIRMATIVE DEFENSE

The complaint and all causes of action alleged therein fail to state of a cause of action against AMERICAN AIRLINES upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were proximately caused by the acts or omissions of others over whom AMERICAN AIRLINES had no control or right of control where said acts or omissions were a superseding, sole and direct and proximate cause of plaintiff's damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Third parties over whom AMERICAN AIRLINES had no control altered or misused the subject aircraft which is the sole, direct, proximate cause of plaintiff's damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

AMERICAN AIRLINES places in issue the negligence, fault and responsibility of all persons and entity that may have contributed in any degree to the injuries and damages alleged to have been sustained by the plaintiff. Judgment against AMERICAN AIRLINES, if any, should be diminished to an amount that represents AMERICAN AIRLINES' degree of negligence, fault or responsibility, if any.

### FIFTH AFFIRMATIVE DEFENSE

The complaint and all causes of action herein should be dismissed on the ground that plaintiff has failed to join all necessary and indispensable parties.

### SIXTH AFFIRMATIVE DEFENSE

AMERICAN AIRLINES places into issue the comparative negligence of the plaintiff, SABINE CAIN. If the trier of facts finds in favor of the plaintiff, AMERICAN AIRLINES demands that the jury determine the comparative negligence of the plaintiff and that plaintiff's recovery should be reduced by the amount of negligence attributable to the plaintiff and if that degree of negligence attributable to the plaintiff exceeds fifty percent, that judgment be entered in favor of AMERICAN AIRLINES.

WHEREFORE, AMERICAN AIRLINES, respectfully request that the plaintiff take nothing by the complaint and that the complaint be dismissed and judgment be entered in favor of AMERICAN AIRLINES. AMERICAN AIRLINES further requests that AMERICAN be

awarded its costs of suit and attorney's fees and further relief as the court may deem just and proper.

/s/ Gerald Cleary 62001000<br>
SmithAmundsen LLC<br>
150 N. Michigan Avenue – Suite 3300<br>
Chicago, IL 60601<br>
Phone: (312) 894-3200<br>
Fax:　 (312) 894-3210

## AFFIDAVIT

I, GERALD CLEARY, being first duly sworn on oath, depose and state that I am a member of the law firm of SMITHAMUNDSEN LLC, and am the attorney for the defendant, AMERICAN AIRLINES, INC. in the above-entitled cause; and where it is stated that defendants do not have sufficient information or knowledge upon which to form a belief, such statements are true and correct except as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

/s/ Gerald Cleary 62001000<br>
GERALD CLEARY

SUBSCRIBED and SWORN to before
me this __7__ day of __August__, 2008

_____
NOTARY PUBLIC

Gerald Cleary
SmithAmundsen LLC
150 N. Michigan Avenue – Suite 3300
Chicago, IL 60601
Phone: (312) 894-3200
ARDC No: 62001000

[Notary seal: OFFICIAL SEAL / SARA STERTZ / NOTARY PUBLIC - STATE OF ILLINOIS / MY COMMISSION EXPIRES:07/18/11]